IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREW KEITH BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. |
| v. | § | |
| | § | 3:11-CV-030-K |
| TASER INTERNATIONAL, INC., | § | |
| a Delaware Corporation, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Andrew Keith Butler's Motion to Withdraw or Amend Deemed Admissions and Extend Time to Respond to Discovery (Doc. No. 18). Upon consideration, the motion is **GRANTED**.

If a party fails to respond to a request for admissions within 30 days, the matter is deemed admitted. FED. R. CIV. P. 36(a)(3). A matter admitted under Rule 36 is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b). Admissions may be withdrawn or amended if: (1) it would promote the presentation of the merits of the action and (2) the district court is not persuaded that the party opposing the motion to withdraw will be prejudiced in maintaining or defending the action on the merits. *Id.*; *Bush v. City of Dallas*, 3:95-CV-1057-D, 1997 WL 135654, *2 (N.D. Tex. Mar. 14, 1997) (Fitzwater, J.). A trial court's decision on a motion to withdraw or amend admissions is reviewed for an abuse of discretion. *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).

Rule 36(b) places burdens on both parties: the party requesting the withdrawal must show the presentation of the merits will be impaired and the party opposing withdrawal must show that the withdrawal would prejudice its case. *Le v. The Cheesecake Factory Restaurants, Inc.*, H-03-5713, 2005 WL 2266610, *5 (S.D. Tex. Sept. 14, 2005); *see also Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001) (party opposing withdrawal has the burden to demonstrate prejudice).

Mr. Butler argues the admissions deemed because he failed to respond within 30 days go to the heart of his claims. Pl. Mot. at 4. The Court has reviewed the request for admissions, Exh. 1 to Pl. Mot., and agrees with Mr. Butler's position. Admissions that defendant Taser International, Inc.'s ("Taser") owed no duty of care to Mr. Butler and that Mr. Butler has no evidence a defect in Taser's warnings contributed to or caused Mr. Butler's damages would be particularly difficult to overcome. *See Lane v. Halliburton*, 529 F.3d 548, 564–65 (5th Cir. 2008) (a negligence claim under Texas law requires proof of a duty to the plaintiff and damages proximately caused by the defendant's breach of duty). Mr. Butler has met his burden to show the presentation of the merits of the case would be impaired if his request to amend or withdraw his admissions is denied.

Taser argues that the Court should exercise its discretion and deny the motion to amend or withdraw admissions because the admissions simply track the language of a waiver Mr. Butler has already signed. Resp. at 3–5. Taser's argument appears to be that Mr. Butler's deemed admissions cover the same material as the waiver Mr. Butler has

already signed.  If that is the case, Taser will not be prejudiced if it must only substitute its evidence of a waiver contract for the deemed admissions.  *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (the prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission must now convince the factfinder of its truth); *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997) (same).  The Court finds Taser has not met its burden to demonstrate the presentation of its case would be prejudiced if Mr. Butler's motion to withdraw or amend is granted.

As for Mr. Butler's other requests to extend his time to file responses to other discovery motions, the Court is satisfied with Mr. Butler's explanation for his failure to timely do so.  A district court's decision on contested discovery matters is reviewed for an abuse of discretion.  *McKethan v. Texas Farm Bureau*, 996 F.2d 734, 738 (5th Cir. 1993).

Mr. Butler's motion to withdraw or amend his deemed admissions and to extend time to respond to discovery is **GRANTED**.  If Mr. Butler has not already served the discovery responses mentioned in his motion on Taser, he shall do so within three days of the date this order is signed.

**SO ORDERED.**

Signed August 11th, 2011.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE