IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREW BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 3:11-CV-00030-K |
| | § | |
| TASER INTERNATIONAL, INC., | § | |
| | § | |
| Defendant. | § | |

## AMENDED MEMORANDUM OPINION AND ORDER

This Amended Memorandum Opinion and Order replaces the Court's previous Memorandum Opinion and Order (Doc. No. 67) dated September 4, 2012. Fed. R. Civ. P. 60 (a).

Before the Court is Defendant TASER International, Inc.'s ("TASER Inc.'s") Motion for Summary Judgment (Doc. No. 38), Defendant TASER, Inc.'s Motion to Exclude Plaintiff's Expert Michael Kalsher, Ph.D. and Brief in Support (Doc. No. 33), and Plaintiff Andrew Butler's ("Officer Butler's") Motion for Leave to Take Oral/Video Deposition of Dr. Jack Zigler (Doc. No. 53). The Court has considered all three motions, all related responses, replies, evidence submitted by the parties, and applicable law. Defendant TASER Inc.'s ("TASER's") Motion for Summary Judgment (Doc. No. 38) is **GRANTED**. The remaining motions are denied as moot. Judgment will be entered by separate document. Fed. R. Civ. P. 58(a).

I.    Factual Background

Officer Butler was a police officer with the City of Dallas Police Department ("DPD").  As part of Officer Butler's training with the DPD, he participated in a training class regarding the use of TASER ECDs ("TASER") in January of 2009.  A TASER is a weapon designed to incapacitate a person from a safe distance while reducing the likelihood of serious injuries or death.  TASERS are manufactured by TASER, Inc.

The TASER training Officer Butler participated in was conducted by DPD Police Officer Christopher Grall ("Officer Grall") who is also a certified TASER Instructor.  Officer Grall was certified as a TASER Instructor by a fellow member of the DPD.  Officer Grall used training materials and methods developed and published by TASER, Inc. as part of the DPD training.  No TASER, Inc. employees were present during the training.

As part of his DPD training, Officer Butler experienced a five second exposure from a TASER X26 ECD.  Prior to his TASER exposure during training, DPD personnel gave Officer Butler TASER Inc.'s two page form *Instructor and User Warnings, Risks, Liability Release and Covenant Not to Sue*, which he reviewed and signed on April 12, 2006 ("TASER Release").  Officer Butler alleges that the TASER exposure caused his muscles to contract resulting in injuries to him, which include a compression fracture of his back, compression fracture to vertebrae in his neck, a

compression fracture to the cervical spine and/or rupturing of disks or disk herniation. Officer Butler filed this suit against TASER, Inc. alleging negligence. TASER, Inc.'s motion for summary judgment is now before the Court.

## II.     Motion for Summary Judgment

In its motion, TASER, Inc. moves for summary judgment on Officer Butler's only asserted claim of negligence. Although lengthy, Officer Butler's complaint, wholly fails to lay out the elements on which he bases his negligence claim. After thorough review of Officer Butler's Amended Complaint and the parties' briefing, Officer Butler attempts to assert a products liability claim sounding in negligence. More specifically, Officer Butler has asserted a claim for marketing defect by alleging that TASER, Inc. provided inadequate warnings regarding TASER exposure. On summary judgment, TASER, Inc. argues that Officer Butler presents no evidence of inadequate warnings, causation, or duty. Alternatively, TASER, Inc. asserts that Officer Butler waived any right to sue when he signed the TASER Release.

### A.     Summary Judgment Standard

"Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing Fed. R. Civ. P. 56©; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The

moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Triple Tee Golf*, 485 F.3d at 261 (citing *Celotex*, 477 U.S. at 322 25). The burden then shifts to the non-moving party to show the existence of a genuine issue of material fact for trial. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009).

A dispute of a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant, and all disputed facts resolved in favor of the nonmovant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *see also Sossamon*, 560 F.3d at 326.

 B. Analysis

  1. Marketing Defect/Failure to Warn

Officer Butler's sole claim is based on allegations that TASER, Inc.'s warnings regarding TASER exposure were inadequate. "A product may be unreasonably dangerous if a manufacturer fails to warn of a foreseeable risk arising from the use of the product, and the lack of adequate warnings or instructions renders an otherwise adequate product unreasonably dangerous." *McLennan v. Am. Eurocopter Corp., Inc.*, 245 F.3d 403, 427 (5th Cir. 2001) (quoting *Coleman v. Cintas Sales Corp.*, 40 S.W.3d

544, 549-50 (Tex. App.—San Antonio 2001, no writ)).  To sustain such a claim, Officer Butler must prove "(1) that there was either an inherent risk associated with use of the [product] or a risk that might arise from a use that was intended or reasonably anticipated at the time of the sale; (2) that [the manufacturer] either knew or should have foreseen the risk of harm; (3) that [the manufacturer] failed to warn provide any warning or failed to provide an adequate warning of the danger when the [product] was sold; (4) that [the manufacturer's] failure to warn rendered the product unreasonably dangerous; and (5) that [the manufacturer's] failure to warn was the producing cause of [the plaintiff's] injuries." *Id*.  Because Officer Butler has presented no evidence that TASER, Inc. failed to provide an adequate warning of the danger of the TASER, Officer Butler cannot prevail on his sole claim, and TASER, Inc. is entitled to judgment as a matter of law.

Officer Butler does not deny that he signed the TASER Release.  He contends that the warnings by TASER, Inc. are inadequate as a matter of law or, alternatively, that he has raised a fact issue as to the same.  Officer Butler contends that the release is silent as to the type of injury he sustained, although it is not clear to the Court as to what injury that he allegedly received is not included in the release as a potential risk.  Officer Butler also argues generally that the risk of injuries was not obvious, and TASER, Inc. had a duty to warn of these risks.  The record establishes that the TASER Release thoroughly warned of health risks posed by exposure to the TASER,

including, among others, risk of hernias, ruptures, dislocations, tears, and fractures. The TASER Release even goes so far as to warn of the possibility of death due to physical exertion, unforeseen circumstance, and individual susceptibilities. More importantly, the TASER Release signed by Officer Butler at the time of his training warns of the very injuries Officer Butler claims to have incurred, fractures, rupturing, and herniation. This warning is more than adequate to warn of the exact injuries Officer Butler claims to have suffered. At least one court has found that where the warnings or instructions provided specifically mention the circumstances suffered by the plaintiff, said warnings or instructions are deemed to be adequate as a matter of law. *See Carroll v. Harris Cty., Tex.*, No. H-08-2970, 2011 WL 2457935, at *5 (S.D. Tex. May 25, 2011) (report and recommendation of Magistrate Judge later adopted in its entirety by District Court).

Additionally, Officer Butler contends that TASER, Inc. "downplayed" the risk of injury by the TASER through conflicting information included in the powerpoint presentation used by the DPD in training. The Court has reviewed the statements Officer Butler claims were misleading and confusing. When the powerpoint presentation is reviewed as a whole and each slide is taken in context, the Court disagrees with Officer Butler. In fact, the Court believes that the powerpoint presented to Officer Butler would have made a reasonably prudent person more aware of the risks associated with TASER exposure.

Officer Butler has set forth nothing more than conclusory allegations in an attempt to establish a fact question regarding the adequacy of TASER, Inc.'s warnings. The release in this case clearly warns of the potential risks of exposure to a TASER. Officer Butler has provided no any evidence to raise a genuine issue of material fact that TASER, Inc. failed to provide adequate warning of the danger of a TASER.

      2.    **Negligence**

As the Court previously noted, Officer Butler's complaint, despite its length, fails to specify for the Court what elements support his negligence claim. After the Court's own review of the complaint and the parties' briefing , the Court concludes that Officer Butler's negligence claim was actually a products liability claim sounding in negligence. Officer Butler insists in at least one filing with the Court that this is a negligence case, and not a products liability case. The Court notes that despite Officer Butler's insistence, he cites case law addressing marketing defect claims in support of his inadequate warning allegations. In an abundance of caution, the Court will address general negligence as a claim.

Even if Officer Butler's claim was solely a common law negligence claim, TASER, Inc. still prevails on its motion for summary judgment. Officer Butler's allegations of negligence go to TASER Inc.'s allegedly inadequate warnings. For the reasons discussed previously in this opinion, the Court has already determined that

TASER, Inc. provided adequate warnings of the risks associated with TASER exposure. Because TASER, Inc. adequately warned Officer Butler of the risks associated with exposure to a TASER, there can be no breach of any duty owed to Officer Butler.

The only other potential basis for a general negligence claim is a passing statement by Officer Butler that TASER, Inc. negligently trained the individuals certified to provide TASER training and that TASER, Inc. failed to use ordinary care in developing its training materials. Were the Court to assume this argument was even properly asserted, that claim would nonetheless fail as well. To the extent Officer Butler bases any negligence claim on a failure to use ordinary care in developing training materials, Officer Butler has not provided any evidence to the Court of TASER, Inc.'s breach. Officer Butler cites eighteen examples in TASER, Inc.'s powerpoint. These examples fail to raise any evidence of a breach of any duty.

To the extent Officer Butler bases any negligence claim on negligent training, Officer Butler has not properly asserted this claim. He presents no evidence of what training was negligent or how this training caused his injuries. Representatives of TASER, Inc. did not conduct Officer Butler's TASER training. No TASER, Inc. employees were even present at his training. Moreover, it is undisputed that the instructor of Officer Butler's TASER training, a DPD officer, was actually trained by a fellow DPD officer, not TASER, Inc. Officer Butler fails to present any evidence of a

breach or causation of a negligence claim. Because Officer Butler presents no evidence raising a genuine issue of material fact under a marketing defect or general negligence theory, TASER, Inc. is entitled to summary judgment on Officer Butler's negligence claim.

### 3. Waiver

Finally, even if Officer Butler could present evidence of his negligence claim, Officer Butler cannot prevail because TASER, Inc. has presented evidence that establishes as a matter of law that Officer Butler waived any right to sue TASER, Inc. The TASER Release signed by Officer Butler included a section entitled "LIABILITY RELEASE, COVENANT NOT TO SUE AND HOLD HARMLESS." By this release, Officer Butler promised not to sue TASER, Inc. and released and indemnified TASER, Inc. for all claims. TASER, Inc. has provided this release to the Court and asserts that, due to the release, any claims by Officer Butler fail as a matter of law.

Both parties cite the Court to *Littlefield v. Schaefer* as the standard for determining whether the waiver is enforceable. 955 S.W.2d 272 (Tex. 1997). In *Littlefield,* the Texas Supreme Court stated that risk-shifting clauses must satisfy two fair notice requirements. *Id*. at 274. "First, a party's intent to be released from all liability must be expressed in unambiguous terms within the four corners of the contract. Second, the clause must be 'conspicuous' under the objective standard defined in the Uniform Commercial Code." *Id*. (internal citations omitted). Officer

Butler argues that the release was not conspicuous.

Whether a release is conspicuous is a question of law. *Id*. A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. *Id*. For example, a heading in all capitals or in a contrasting type or color is conspicuous. *Id*. at 275. The release in *Littlefield* failed, because the release was entirely illegible and the releasing party would not have been able to read what was being released. *Id*. That is not the case here. The heading to the release section is set out in a contrasting color and all-caps. The paragraphs are numbered and indented differently than other paragraphs in the TASER Release. Additionally, the language of the release itself is very clearly legible and easy to understand.

Officer Butler tries to cloud the issue by stating that the TASER Release was ambiguous and not clear in light of the allegedly misleading statements "downplaying" TASER risks in training and the powerpoint presentation. The Court must look only to the four corners of the document for this analysis. TASER, Inc. has proven as a matter of law that the TASER Release signed by Officer Butler meets the fair notice requirements. Officer Butler has presented no evidence to the contrary. Even if Officer Butler could present a prima facie case of negligence, TASER, Inc. would be entitled to summary judgment on Officer Butler's negligence claim, because he has waived any right to sue as a matter of law.

**III.   Remaining Motions**

Defendant TASER, Inc.'s Motion to Exclude Plaintiff's Expert Michael Kalsher, Ph.D. and Brief in Support (Doc. No. 33) and Officer Butler's Motion for Leave to Take Oral/Video Deposition of Dr. Jack Zigler (Doc. No. 53) are both **DENIED as moot**.

**IV.   Conclusion**

For the foregoing reasons, Officer Butler's sole claim fails as a matter of law, and TASER, Inc. is entitled to summary judgment on it.  Judgment shall be entered by separate document.  Fed. R. Civ. P. 58(a).  All remaining motions are **DENIED as moot**.

**SO ORDERED**.

Signed September 6, 2012.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE